**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| SHARPS COMPLIANCE, INC., § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | CIVIL ACTION NO. H-10-0300 |
| § | |
| § | |
| UNITED PARCEL SERVICE, INC., § | |
| § | |
| Defendant. § | |

**ORDER**

This is a cargo damage case. The defendant, United Parcel Service, Inc., timely removed and filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Docket Entry No. 5). The basis of the motion is that the complaint asserts only state-law claims, which are preempted by the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. §14706 *et seq*. (Docket Entry No. 5). In response, the plaintiff, Sharps Compliance, Inc., does not dispute the application of the Carmack Amendment or its preemptive effect. Instead, the plaintiff seeks leave to file an amended complaint asserting claims under the Carmack Amendment. . (Docket Entry No. 6). The proposed amended complaint also asserts state-law claims for breach of contract and negligence, but only to the extent that the shipment by UPS is "not governed by proper Bills of Lading timely issued by UPS pursuant to the Carmack Amendment." (Docket Entry No. 6, Ex. 1 at 6). The proposed amended complaint similarly asserts a right to recover exemplary damages, fees, and interest and costs only to the "extent allowable under . . . the Texas Civil Practice and Remedies Code and the Carmack Amendment."

UPS's motion to dismiss the complaint is granted, without prejudice and with leave to amend to assert the Carmack Amendment claims. The plaintiff's motion for leave to amend is granted as to the Carmack Amendment claims in the proposed amended complaint, which is deemed filed as of this date.

SIGNED on March 5, 2010, at Houston, Texas.

Lee H. Rosenthal
United States District Judge